IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHARLES C. BOSARGE**                                                                                **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO. 3:11cv333 CWR-FKB**

**MISSISSIPPI BUREAU OF NARCOTICS;**
**KYLE REYNOLDS; ERIC FULTON; and**
**JOHN DOES 1-10**                                                      **DEFENDANTS**

## FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

*Jury Trial Demanded*

This civil action arises from the unlawful arrest and detention of Plaintiff Charles Bosarge by agents and agencies of the State of Mississippi. This action is brought pursuant to 42 U.S.C. §1983, the United States Constitution, and the laws of the State of Mississippi, including the Mississippi Tort Claims Act, Miss. Code § 11-46-1 et seq. Notice has been provided to the state agency named as a Defendant as required by state law.

### JURISDICTION

1.     This case originally was filed in the Circuit Court of Hinds County, Mississippi, where jurisdiction was proper because one of the Defendants is an agency of the State of Mississippi and state law established venue in Hinds County. This case was removed by the defendants to this federal court under 28 U.S.C. § 1441. Jurisdiction exists in this federal court to hear the federal law claims by virtue of 28 U.S.C. § 1331 and to hear the supplemental state law claims by virtue of 28 § U.S.C. 1367.

### PLAINTIFF

2.     The plaintiff, Charles Bosarge, is an adult resident citizen of Irvington, Alabama.

**DEFENDANTS**

3. Defendant Mississippi Bureau of Narcotics (MBN) is an agency of the State of Mississippi, and can be served with process through its Director, Mr. Marshall Fisher, at 6090 I-55 South Frontage Road, Byram, Mississippi 39273, or through the Attorney General of Mississippi

4. Defendant Kyle Reynolds is an agent of the MBN. At all times pertinent to this complaint, he was acting in the course and scope of his employment and under the color of law. His actions as set forth in this complaint were in reckless disregard of the safety and well-being of the Plaintiff, who was not engaged in criminal activity. He can be served with process through his employer, the MBN, or through the Attorney General of Mississippi.

5. Defendant Eric Fulton is an agent of the MBN. At all times pertinent to this complaint, he was acting in the course and scope of his employment and under the color of law. His actions as set forth in this complaint were in reckless disregard of the safety and well-being of the Plaintiff, who was not engaged in criminal activity. He can be served with process through his employer, the MBN, or through the Attorney General of Mississippi

6. Defendants John Does 1-10 are state agencies, actors, or third parties that caused harm to the Plaintiff but are unknown at this time.

**FACTUAL ALLEGATIONS**

7. In 2008, the MBN had begun an investigation into a methamphetamine ring in Mississippi. The Plaintiff was arrested in the course and scope of that official investigation in June of 2009 and prosecution by the federal government was initiated.

8. The Plaintiff was indicted in U.S. District Court along with 19 others charged in connection with the operation. The case was entitled *U.S. v. Stewart, et al.,* No. 2:09cr12KS-MTP-18 (S.D. Miss.) (Hattiesburg).

9. The Plaintiff was indicted, arrested, detained, and prosecuted as a result of information provided by Defendants MBN agents Kyle Reynolds and Eric Fulton to other state agents and officials and/or to federal agents and officials. Defendants Reynolds and Fulton claimed that they recognized the Plaintiff as a person that they witnessed meeting with a member of the alleged methamphetamine ring named Timothy Isom in the parking lot of the Best Buy store in Hattiesburg, Mississippi. This information was either provided directly to federal officials by Defendants Reynolds and Fulton, or was provided to federal officials by other state agents who did so on the basis of claims by Defendants Reynolds and Fulton that it was true. As a result, federal officials caused the Plaintiff to be indicted, arrested, detained, and prosecuted. However, the information was untrue. The Plaintiff was not present at the meeting with Isom where Defendants Reynolds and Fulton claimed to have identified him. He had no connection with the methamphetamine ring, and there was no reasonable basis for the eyewitness identification from the Defendant MBN agents. The Defendant MBN agents knew or should have known that their identification of the Plaintiff was false. They acted intentionally or recklessly in falsely identifying the Plaintiff.

10. The only evidence connecting the Plaintiff to this crime was the false identification by Agents Reynolds and Fulton.

11. This lawsuit is based on the false identification of the Plaintiff that Defendants Reynolds and Fulton provided to other state agents and officials and/or to federal agents and officials

3

of the Plaintiff. As a result of this false identification, federal prosecutors included Plaintiff in their request for an indictment. He was indicted along with 19 other people on June 16, 2009.

12. One of the witnesses before the grand jury was Defendant Fulton, who repeated the false identification. Upon information and belief, no other evidence implicating the Plaintiff was presented to the grand jury.

13. After being indicted, the Plaintiff appeared for an initial detention hearing before a federal magistrate in Mobile, AL. At that hearing, Defendant Reynolds testified that he recognized the Plaintiff as a person that he and Defendant Fulton had witnessed meeting with a member of the alleged methamphetamine ring. No other evidence was presented linking Plaintiff to this ring. In light of this testimony, the Plaintiff was formally detained prior to trial.

14. At a second detention hearing in front of a federal magistrate in Hattiesburg, the earlier identification by the Defendant MBN agents was used as a ground for continuing to detain the Plaintiff.

15. For the next six months the Plaintiff would be detained as a result of the actions of the Defendants.

16. At some point, the Federal Government determined that, despite the identification by the Defendant MBN agents, the Plaintiff was not connected in any fashion with the methamphetamine ring.

17. In December of 2009, the Plaintiff's criminal counsel filed a Motion for Reconsideration of Pretrial Detention. In it, he stated that "based on recent developments, it is understood that the Government has changed its position regarding further detention of Defendant Bosarge, and will not oppose his release at this time." On December 18, 2009, with the consent of

the government, the defendant's pretrial detention was terminated and he was released on an unsecured bond.

19. On December 21, 2009, the Government filed a motion to dismiss the Plaintiff from the criminal indictment, and the next day the District Court granted the motion.

19. As stated previously, this lawsuit is based on the false identification of the Plaintiff that Defendants Reynolds and Fulton provided to other state agents and officials and/or to federal agents and officials of the Plaintiff. It is not based on Agent Fulton's testimony to the grand jury, Agent Reynolds' testimony at the detention hearing in Mobile, the use of their prior testimony at the detention hearing in Hattiesburg, or their preparation to testify at any of these hearings. To the extent any defendant contends that the grand jury indictment or the result of either of the detention hearings breaks the chain of causation, the Defendant agents' false testimony at those proceedings taints them so that those events do not break the chain of causation.

20. Upon information and belief, the Plaintiff was selected by the individual defendants for identification because his last name is the same as the last name of a woman sometimes known as Mindi Bosarge (also known as Mindi Ellis), whom Agent Fulton has said (in an affidavit filed in this case) had a cellphone that was used in discussions with Timothy Isom by the person who later met Isom at the Best Buy parking lot in Hattiesburg. According to Agent Fulton's affidavit, the license tag on the car that the person drove to the Best Buy to meet Isom was registered to Mindi Bosarge. Also upon information and belief, the cellphone was actually in the name of Mindi Bosarge's brother or father, who is named Charles Bosarge, which coincidentally is the first and last name of the Plaintiff. However, the Plaintiff is not related to Mindi Bosarge and is not the Charles Bosarge who is related to Mindi Bosarge. Upon information and belief, the individual defendants believed that a

5

Charles Bosarge was the person who was on the cellphone calls and who later met with Isom at the Best Buy parking lot, and in order to reinforce that conclusion, they falsely claimed that the Plaintiff was the person they saw.  Upon information and belief, they made this knowingly false or reckless claim simply because the Plaintiff was named Charles Bosarge, even though they never saw him at the Best Buy parking lot in Hattiesburg or possessed any evidence that he was connected with the methamphetamine ring.

21. In their affidavits filed in this case, Defendants Fulton and Reynolds contend that they did not know the name of the Plaintiff prior to selecting his photograph as the person they saw at the Best Buy parking lot.  But those affidavits are not necessarily accurate.  In at least one respect, they are contrary to earlier sworn testimony.  They both claim in their sworn affidavits that the cellphone used by the person in conversations with Isom belonged to Mindi Bosarge and that Defendant Fulton was able to see the license tag number, which he ran and learned was registered to Mindi Bosarge.  However, Defendant Reynolds testified under oath at the detention hearing in Mobile that "we were unable to obtain a license plate" during the Best Buy surveillance and that they had not identified the female in the car with the person.

22. Defendants Fulton and Reynolds also state in their affidavits that Isom later pled guilty and informed officials of the identity of the person with whom he met at the Best Buy parking lot.  It was not the Plaintiff.  Defendants Fulton and Reynolds do not name the person in their affidavits.  They do not claim that this person looked like the Plaintiff.  Upon and information and belief, the individual defendants knew before the Best Buy surveillance that the person who was talking with Isom over Mindi Bosarge's phone went by the nickname "Smooth."  That is the same nickname used by Randall Eric Tillman.  Upon information and belief, the person named by Isom ---

6

whether Tillman or someone else --- does not look enough like the Plaintiff so that the Plaintiff could be reasonably mistaken for him. Any erroneous identification would have been either reckless or intentional.

23. The Plaintiff does not have access to the information held by the defendants and other law enforcement officials regarding how the Plaintiff was wrongly named as the person who met with Isom at the Best Buy parking lot in Hattiesburg.

24. As a result of the fraudulent, reckless, and knowingly false actions of the individual defendants, the Plaintiff was prosecuted and was unlawfully detained for a period of six months.

25. A timely notice of claim was filed pursuant to the Mississippi Tort Claims Act.

26. As a result of the foregoing, the Plaintiff suffered damages, including but not limited to pain and suffering, mental and emotional distress, loss of potential income, and loss of liberty.

## VIOLATIONS

### COUNT ONE

27. The Plaintiff was prosecuted, arrested, and detained without probable cause and without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. The individual defendants are liable for this federal constitutional violation.

### COUNT TWO

28. The Plaintiff's rights under Mississippi common law, tort law, and constitutional law were violated by the Defendants, and therefore they are responsible for these violations under the Mississippi Tort Claims Act. The wrongs inflicted by the Defendants include false arrest, false imprisonment, malicious prosecution, and violation of the plaintiff's rights under the Mississippi

Constitution. The Defendant Mississippi Bureau of Narcotics is liable for these violations under the Mississippi Tort Claims Act.

**RELIEF**

29. Wherefore, the Plaintiff demands a jury trial on all but the Mississippi Tort Claims Act claims, for which he requests a bench trial as required by that statute (Miss. Code § 11-46-13(1)), and upon a verdict in his favor, asks that compensatory damages be assessed in an appropriate amount, as well as punitive damages for those claims for which they are available by law, and that he be awarded costs, attorneys' fees, and all other relief to which he is entitled.

RESPECTFULLY SUBMITTED this the 12th day of October, 2012.

                                    **CHARLES C. BOSARGE,**
                                    **PLAINTIFF**


                                    */s/ Graham P. Carner*
                     BY:   GRAHAM P. CARNER

**OF COUNSEL:**

Graham P. Carner (MSBN 101523)
GRAHAM P. CARNER, PLLC
771 N. Congress Street
Jackson, MS 39202
T: 601.949.9456
F: 601.354.7854
E: graham.carner@gmail.com

David Neil McCarty (MSBN 101620)
DAVID NEIL MCCARTY LAW FIRM, PLLC
416 E. Amite Street
Jackson, MS 39201
T: 601.874.0721
F: 866.236.7731
E: dnmlaw@gmail.com

ROBERT B. MCDUFF (MSBN 2532)
McDuff & Byrd
767 North Congress Street
Jackson, Mississippi 39202
T: 601.969.0802
F: 601.969.0804
E: rbm@mcdufflaw.com

## **CERTIFICATE OF SERVICE**

I, Graham P. Carner, do hereby certify that I served a true and correct copy of the above and foregoing document by electronically filing same in accordance with this Court's electronic filing procedures, resulting in notice to the following:

Brian A. Montague
brian.m@montaguelawyer.com

Wilson Minor
WMINO@ago.state.ms.us

So certified this the 12th day of October, 2012.


*/s/ Graham P. Carner*
GRAHAM P. CARNER